IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Ian C.,[1] | Case No. 3:18-cv-00511-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| ANDREW SAUL, Commissioner,<br>Social Security Administration, | |
| Defendant. | |

AIKEN, District Judge:

Plaintiff Ian C. brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Supplemental Security Income ("SSI") and child's insurance benefits. For the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

reasons set forth below, the Commissioner's decision is REVERSED and REMANDED for an immediate calculation of benefits.

## BACKGROUND

On June 17, 2011, plaintiff filed a claim for SSI and child's benefits, alleging disability since March 13, 2009, due to Asperger's Disorder ("autism"), depression, panic disorder, anxiety disorder, sleep apnea, obesity, hypertension, attention deficit hyperactivity disorder ("ADHD"), and post-traumatic stress disorder ("PTSD"). Tr. 18, 33–34.

Both claims were denied by an administrative law judge ("ALJ") in December 2013 following a hearing. Tr. 15. The Appeals Council remanded the ALJ's decision, noting that the record was not complete regarding plaintiff's claim for child's benefits and that the record before the Appeals Council indicated that plaintiff had engaged in substantial gainful activity after age 22. Tr. 334. The Appeals Council ordered the ALJ to reconstruct the full administrative record and to evaluate plaintiff's claim for DAC benefits based on the evidence regarding plaintiff's work history.

On remand in 2017, the ALJ held a hearing and found, once again, that plaintiff was not disabled. The Appeals Council denied review of the ALJ's decision, making it the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the decision of the Commissioner if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190,

1193 (9th Cir. 2004). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks omitted). To determine whether substantial evidence exists, the district court must review the administrative record as a whole, weighing both the evidence that supports and detracts from the decision of the ALJ. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## COMMISSIONER'S DECISION

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); 416.920(a).

The burden of proof falls to the claimant at steps one through four, and with the Commissioner at step five. 20 C.F.R. § 404.1520(a)(4); 416.920(a); *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001). At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante*, 262 F.3d at 953–54.

As a threshold matter, the ALJ found that plaintiff's alleged onset date for both his SSI and child's benefits applications was "many years after he turned age 22." Tr.

18. The ALJ observed that plaintiff was born in June 1982, turned 18 in June 2000, and turned 22 in June 2004, but he alleged disability as of March 13, 2009. *Id*. Because plaintiff was over 18 and alleged disability beginning after age 22, and the record did not show that plaintiff was a full-time student, the ALJ concluded that he did not qualify for child's benefits under 20 C.F.R. § 404.350(a)(5). *Id*.

Nevertheless, the ALJ proceeded to step one for SSI and child's benefits. At step one, the ALJ found that plaintiff had engaged in "substantial gainful activity" from July 28, 2008 through March 13, 2009. Tr. 18–19, 20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b). Based on that finding, the ALJ determined that even if plaintiff had alleged disability beginning before age 22, he could not qualify for child's benefits because he engaged in substantial gainful activity after 22. Tr. 18. Because the ALJ found that plaintiff had not engaged in substantial gainful activity after March 2009, she continued with the sequential analysis for plaintiff's SSI application. Tr. 19.

At step two, the ALJ found that plaintiff had the following severe impairments as of the alleged onset date: autism spectrum disorder, a depressive disorder, an anxiety disorder, and a personality disorder. Tr. 21; 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c). At step three, the ALJ determined that plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 20; 20 C.FR. §§ 404.1520(a)(4)(iii), (d);

416.920(a)(4)(iii), (d). The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); 416.920(e). The ALJ found that plaintiff had

> the residual function capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: [plaintiff] is able to understand and remember both simple and complex instructions; he is able to perform simple, routine task involving some detailed, but not complex tasks (no more than SVP 3 or 4); for more detailed tasks he may need extra supervision every hour to remind him of tasks; he should only have rare (10% of time or less) brief, superficial interactions with the general public and co-workers; he needs a job with clear expectations and should be in a work environment that has only rare (10% of the time or fewer) changes to the work setting and to tasks.

Tr. 20–21. At step four, the ALJ concluded that plaintiff could not perform his past relevant work as a gas station attendant, movie usher, or retail worker. Tr. 29; 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). The ALJ continued to step five and found that plaintiff could perform work existing in the national economy; specifically, plaintiff could work as a janitor. Tr. 30; 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1).

## DISCUSSION

On appeal, plaintiff contends that the ALJ erred by (1) failing to provide sufficient reasons to find that plaintiff was not disabled before age 22, (2) failing to address all impairments in step two, (3) failing to provide sufficient reasoning to discount plaintiff's subjective symptom testimony, and (4) failing to provide sufficient reasoning to discount the opinions of treating and examining medical sources.

### I.   *Child's Benefits*

Under the Act, an unmarried, dependent child is entitled to benefits based on the earnings record of an insured parent or stepparent. 42 U.S.C. § 402(d)(1)(C); 20 C.F.R. § 404.350(a). A claimant is entitled to child's benefits if, as relevant here, "at

the time of [their] application, the claimant was "unmarried and . . . is under a disability . . . which began before [they] attained the age of 22[.]"  42 U.S.C. § 402(d)(1)(B)(ii); *see also* 20 C.F.R. § 404.350(a)(5) (a claimant is entitled to child's benefits if they "are 18 years old or older and have a disability that began before [they] became 22 years old").

The ALJ determined that plaintiff did not qualify for child's benefits because (1) he alleged disability as of March 13, 2009, "many years after he turned age 22" on June 7, 2004, and (2) he engaged in substantial gainful activity after age 22, from July 2008 to March 2009. Tr. 18.  Plaintiff challenges both grounds.  Because I find that the ALJ did not err by relying on plaintiff's alleged onset date to deny his claim for child's benefits, I do not consider plaintiff's arguments concerning the ALJ's alternate reasoning.

Plaintiff argues that the ALJ erred in relying on his asserted disability onset date because plaintiff was acting *pro se* when he and his mother filed his applications and provided the alleged onset date.  He contends that neither of them understood the significance of the disability onset date for his child's benefits claim.  But plaintiff was represented by counsel by the time he sought ALJ review, Tr. 99, and counsel never sought to amend the alleged onset date or even suggest a concrete, alternative onset date. Tr. 333.  In fact, at the 2013 hearing, counsel asked plaintiff to confirm that he was "alleging disability beginning on March 13, 2009." Tr. 653–54.

## II. Step Two Finding

Next, plaintiff argues that the ALJ erred by failing to address whether his ADHD, PTSD, and sensory integration disorder were severe, medically determinable impairments. The ALJ's step two analysis did not mention those impairments at all. At step two, a claimant must make a threshold showing that he or she has medically determinable impairments that significantly limit his or her ability to perform basic work activities. *See Bowen,* 482 U.S. at 145; 20 C.F.R. § 404.1520(c). "[T]he step two inquiry is a *de minimis* screening device to dispose of groundless claims." *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996).

The ALJ is required to consider the combined effect of all the claimant's impairments on his or her ability to function. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Thus, if the ALJ determines that a claimant has a severe impairment at step two, the sequential analysis proceeds and the ALJ must continue to consider all the claimant's limitations, severe or not. SSR 96-9p, 1996 WL 374184 (July 2, 1996). Where an ALJ fails to identify a severe impairment at step two, but nonetheless considers at subsequent steps all the claimant's impairments, including the erroneously omitted severe impairment, the error at step two is harmless. *See Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007).

Plaintiff notes that he has been diagnosed with ADHD and PTSD but does not advance any functional limitation related to these impairments that the ALJ failed to consider in the sequential analysis. Thus, plaintiff has failed to demonstrate that

the ALJ committed reversible error by failing to discuss these impairments at step two. *Id*.

By contrast, plaintiff argues that the ALJ erred by failing to find that his sensory integration disorder was a severe impairment and that the error was not harmless because the vocational expert's ("VE") testimony demonstrates that plaintiffs' sensory sensitivities, combined with the RFC that the ALJ did find, would preclude plaintiff from engaging in substantial gainful activity.

Plaintiff was diagnosed with sensory integration disorder by Leslie Carter, Ph.D., a licensed psychologist who examined plaintiff. Tr. 565, 575. Dr. Carter's diagnosis also specified that plaintiff's sensory integration disorder was "associated with hearing, vision, touch and smell." Tr. 575. The ALJ's decision did not mention Dr. Carter's diagnosis or the evidence concerning plaintiff's sensory sensitivities and did not consider whether plaintiff's RFC should include any environmental limitations regarding exposure to light, noise, or smells. This was legal error. *Smolen*, 80 F.3d at 1290. As discussed below, I agree with plaintiff that this error alone requires remand for an immediate calculation of benefits, making discussion of plaintiff's remaining assignments of error unnecessary.

### III. *Type of Remand*

While reviewing courts generally remand to the agency for "additional investigation or explanation," *Florida Power & Light Co. v. Lorio,* 470 U.S. 729, 744 (1985); *see also Lingenfelter v. Astrue,* 504 F.3d 1028, 1044 (9th Cir. 2007) (the ordinary remand rule applies to Social Security cases), Congress has granted courts

some additional flexibility in § 405(g) "to reverse or modify an administrative decision without remanding the case for further proceedings." *Harman v. Apfel,* 211 F.3d 1172, 1177–78 (9th Cir. 2000). The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Id*. at 1178. The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir.1989).

Under the Ninth Circuit's "credit-as-true" doctrine, I must undertake a three-step inquiry to make that determination. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). First, I must determine whether the ALJ committed harmful legal error. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), *as amended* (Feb. 5. 2016). Second, if I find such an error, I must "review the record as a whole and determine whether it is fully developed, free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id*. (quotation marks omitted). Third, if I determine that the record has been fully developed, and there are no outstanding issues left to be resolved, I must consider whether "the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true." *Id* (quotation marks omitted).

Here, the first step is satisfied because the ALJ failed to address plaintiff's sensory integration disorder diagnosis at step two. That error was not harmless

because, as discussed below, plaintiff offered evidence of his sensitivity to touch, light, noise, and smells that, if credited as true, show that he has environmental limitations that preclude him from performing substantial gainful activity.

Plaintiff testified that he experiences hypersensitivity to touch, light, sounds, and odors. Tr. 667–69. That testimony is consistent with evidence in the record. Tr. 370, 565, 572, 575, 667–69. At the 2013 hearing, the ALJ called a VE. Tr. 677–91. The VE initially testified that someone with plaintiff's RFC could not perform plaintiff's past relevant work or any work. Tr. 682–83. But after some prompting from the ALJ, the VE testified "there would only be one [job] as far as I know" – "[t]he janitor." Tr. 683. The ALJ then asked the VE whether someone with the following environmental limitations could perform the job of janitor: "no bright lights, no more than moderate noise levels[,] . . . only occasional exposure to fumes, odors, dust, and gases." Tr. 684. The VE testified that they could not because the job required "virtually constant" exposure to odors, dust, and gases. *Id.* The VE's testimony demonstrates that a person with plaintiff's RFC and *any* level of limitations regarding exposure to odors could not work as a janitor, the only job on which the ALJ relied to find that plaintiff was not "disabled." Tr. 30. Accordingly, no further development of the record regarding plaintiff's sensitivity to odors is needed to find him disabled under the Act and steps two and three are also satisfied.

Finally, consideration of the record leaves this Court in no doubt concerning disability. *See Dominguez*, 808 F.3d at 408 (noting that a reviewing court may remand for further proceedings "when the record as a whole creates serious doubt as

to whether the claimant is, in fact, disabled within the meaning of the Social Security Act"). "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Accordingly, this case shall be remanded for an immediate calculation and award of benefits.

## CONCLUSION

For the reasons above, the Court finds that the ALJ did not err in denying plaintiff's application for child's benefits but did err in denying his application for SSI and that error requires remand for a calculation of benefits. Thus, the Commissioner's decision is REVERSED and REMANDED for an immediate calculation of benefits consistent with this Opinion.

IT IS SO ORDERED.

Dated this 22nd day of January 2021.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge